a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOAN MARIE MARSH,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-647-P |
| VERSUS | JUDGE DEE D. DRELL |
| WILLIAM BARR,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1), and an Amended Petition (Doc. 5), filed by *pro se* Petitioner Joan Marie Marsh ("Marsh") (A041-569-131). Marsh is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Marsh is being detained at the LaSalle Detention Center in Jena, Louisiana. Marsh seeks a release from custody pending removal.

Because Marsh fails to meet her burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future, her Petition (Doc. 1) and Amended Petition (Doc. 5) should be DENIED and DISMISSED.

### I. Background

Marsh is a native and citizen of Great Britain. Marsh was convicted of bank fraud, conspiracy to commit bank fraud, money laundering, and conspiracy to launder money. (3:11-cr-128, E.D. Va.). Marsh was ordered removed on October 18, 2018. (Doc. 1-3, p. 2). Marsh complains that she has not yet been deported, and she seeks a release pending her removal. (Doc. 1).

According to her Amended Petition (Doc. 5), Marsh was scheduled for removal on May 8, 2019, but her flight was canceled due to a Mumps quarantine at the detention center. (Doc. 5, p. 1). Marsh's flight was rescheduled, and she was supposed to be picked up for travel on May 27, 2019. (Doc. 5). Marsh was informed that there was a "flight issue," and she would be rescheduled for a new flight in five weeks. (Doc. 5, p. 2). Marsh disputes the genuineness of DHS/ICE's statement that there was an issue with her commercial flight. (Doc. 5, p. 2).

II. <u>Law and Analysis</u>

Marsh claims that her detention violates the rule announced in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), because she has been detained in excess of six months, and there is no significant likelihood of her removal in the reasonably foreseeable future.

Under <u>Zadvydas</u>, it is presumptively constitutional for an alien to be detained for six months past the 90-day removal period following a final order of removal. <u>Id.</u> After the expiration of the six-month period, an alien may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." <u>Agyei–Kodie v. Holder</u>, 418 F. App'x 317, 318 (5th Cir. 2011). In <u>Andrade v. Gonzales</u>, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in <u>Zadvydas</u> creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. <u>Id.</u> at 543 (citing <u>Zadvydas</u>, 533 U.S.

at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. Id.

Marsh cannot show that her removal is unlikely. To the contrary, Marsh alleges that her removal is scheduled within five weeks. (Doc. 5, p. 2). Apart from Marsh's conclusory allegation that "the statement referring to flight issues are [sic] false" (Doc. 5, p. 2), Marsh has offered nothing to suggest that her removal is not foreseeable. Andrade, 459 F.3d at 543–544 (conclusory statements are insufficient to meet an alien's burden of proof under Zadvydas or to demonstrate a constitutional violation in connection with his continued detention).

### III. Conclusion

Because Marsh fails to meet her burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future, IT IS RECOMMENDED that Marsh's § 2241 Petition and Amended Petition (Docs. 1, 5) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should her confinement become unconstitutional.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __11th__ day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge